UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS SANCHEZ,<br><br>　　　　　　　Petitioner,<br><br>　　vs.<br><br>DOMINGO URIBE, JR., Warden,<br><br>　　　　　　　Respondents. | CASE NO. SA CV 12-1225 ABC (RZ)<br><br>ORDER SUMMARILY DISMISSING<br>SUCCESSIVE HABEAS PETITION |

　　　　Carlos Sanchez presents a habeas petition that is successive and lacks the required Court of Appeals authorization for such a petition. The Court will dismiss the petition and the action summarily for lack of jurisdiction to entertain it.

　　　　Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

　　　　Section 2244 of Title 28, part of the Antiterrorism and Effective Death Penalty Act, requires that the district court dismiss most successive habeas corpus petitions:

Case 8:12-cv-01225-ABC-RZ   Document 5   Filed 08/06/12   Page 2 of 3   Page ID #:24

(b)(1)   A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

. . .

In *Felker v. Turpin*, 518 U.S. 651, 656-57, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996), the Supreme Court noted that this statute transferred the screening function for successive petitions from the district court to the court of appeals. This provision has been held to be jurisdictional. That is, the district court cannot entertain a successive petition without prior approval from the Court of Appeals. *Cooper v. Calderon,* 274 F.3d 1270,

1274 (9th Cir. 2001). The district court therefore either must dismiss a successive petition for lack of jurisdiction, or it may transfer the action, in the interest of justice, to the court where the action properly could have been brought. 28 U.S.C. § 1631; *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997).

Petitioner attacks his 2002 conviction of murder and other crimes. He previously challenged that sentence on habeas in this Court, however, and the Court denied relief on the merits and dismissed that action with prejudice. *See* docket in *Sanchez v. Woodford*, Consolidated case Nos. SA CV 05-1098 ABC (RZ) and SA CV 07-0698 ABC (RZ) (Judgment filed January 18, 2008).

Petitioner's current petition does not enjoy the required Ninth Circuit authorization for successive petitions. No factors appear which make it preferable to transfer this case to the Court of Appeals, rather than dismissing it.

Accordingly, the Petition is DISMISSED for lack of jurisdiction.

DATED: August 6, 2012

AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE